Colin K. McCarthy, Esq. (Bar No. 215059)
Kelly C. Sloan, Esq. (Bar No. 286491)
Members of
LANAK & HANNA, P.C.
625 The City Drive South, Suite 190
Orange, CA 92868
Telephone:  (714) 620-2350
Facsimile:   (714) 703-1610
ckmccarthy@lanak-hanna.com
kcsloan@lanak-hanna.com

Attorneys for Plaintiff
SULLY MILLER CONTRACTING COMPANY
doing business as UNITED ROCK PRODUCTS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SULLY MILLER CONTRACTING COMPANY, a Delaware corporation doing business as UNITED ROCK PRODUCTS, <br><br> Plaintiff, <br><br> v. <br><br> MAXUS CAPITAL GROUP, LLC, a Delaware limited liability company; SUPREME MANUFACTURING, INC., a Pennsylvania corporation; and DOES 1 through 5, inclusive, <br><br> Defendants. | CASE NO.: 8:16-cv-01087 <br><br> **COMPLAINT IN INTERPLEADER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 22** |

{1533 22588}

1

**COMPLAINT FOR INTERPLEADER**

Plaintiff Sully-Miller Contracting Company, a Delaware corporation doing business as United Rock Products ("Plaintiff" or "United Rock") brings this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure against Maxus Capital Group, LLC ("Maxus") and Supreme Manufacturing, Inc. ("Supreme") (collectively "Defendants"), and alleges as follows:

## **PARTIES**

1.      Plaintiff Sully-Miller Contracting Company, doing business as United Rock Products, is a Delaware corporation authorized to do business in California, with its principal place of business in the City of Brea, State of California.

2.      Upon information and belief, Defendant Maxus Capital Group, LLC is a Delaware limited liability company with its principal place of business in the City of Cleveland, State of Ohio, authorized to do business in California.

3.      Upon information and belief, Defendant Supreme Manufacturing Inc. is a Pennsylvania corporation with its principal place of business in the City of Stoneboro, State of Pennsylvania, and doing business in California.

4.      The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 5, inclusive, are unknown to United Rock, who sues said Defendants by such fictitious names. United Rock will amend this Complaint to show the true names and capacities when the same have been ascertained.  United Rock is informed and believes, and thereon alleges, that each of the fictitiously named Defendants may have a claim or claims against United Rock to the funds hereinafter described.  United Rock sues all known and unknown Defendants so that all claims can be heard in one action to prevent a multiplicity of lawsuits.

## **JURISDICTION AND VENUE**

5.      This action seeks to interplead funds, as set forth herein, pursuant to Federal Rule of Civil Procedure 22.

6.      The property to be interpleaded is identifiable, a limited fund / pecuniary obligation owed by United Rock for the purchase of a certain 16 yard twin dredge, as

**COMPLAINT FOR INTERPLEADER**

described herein.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1391 as this is the district where the assets are held by United Rock.

8.     Furthermore, the purchase order at issue herein expressly provides the parties agree to submit to jurisdiction of the state and federal courts of California.

9.     This court has proper subject matter jurisdiction over this matter as the amount in controversy exceeds $75,000 and there is diversity of citizenship between Plaintiff and each of the Defendants.

## FACTUAL ALLEGATIONS

10.     On or about March 18, 2015, Supreme executed United Rock Purchase Order No. 313596 in the amount of $8,166,700 (the "Agreement") for the fabrication, delivery, assembly and start-up of certain CIP equipment consisting of a dual 16 yard supreme dredge operating system (the "Dredge") that United Rock would utilize at its facilities in Irwindale, California. A true and correct copy of the purchase order, executed by both parties, is attached hereto as **Exhibit A** and incorporated herein by reference.

11.     Payment under the Agreement was conditional, subject to certain terms set forth in the Agreement. Specifically, United Rock agreed to pay Supreme on the following terms:

- 10% of the Purchase Price as a down payment;
- 75% upon Supreme's delivery of all Supreme-supplied Dredge components and equipment at United Rock's location; and
- 15% within thirty (30) days *after Buyer determines, in good faith, that the Dredge has been completely assembled and is operating properly for its intended purpose* and that Supreme provide United with the training described in the Agreement.

12.     Paragraph 7 of the General Conditions of the Purchase Order provides:

Warranties: In addition to all warranties and remedies available under law, Seller hereby warrants and agrees that:

(a)    All goods and services covered by this order shall conform to the specifications, drawings, samples or other descriptions specified by Buyer and/or Owner and shall be merchantable fit for the purposes intended, of best quality and workmanship and free from all defects.  Buyer shall have the right of inspection and approval, and may, in addition to its other rights and remedies, reject and return goods ***or require re-performance of services and/or goods at Seller's expense if defective or not in compliance with the specifications***. Defects shall not be deemed waived by Buyer's failure to notify Seller upon receipt of goods, inspection, or completion of services, or by payment of invoice…

(d)    The foregoing warranties shall survive acceptance of goods and performances of services hereunder.  These remedies are in addition to all other rights and remedies available to Buyer, including, but not limited to those existing under the California Commercial Code.  (Emphasis added).

13.    As it relates to payment, the Agreement further provides:

The CIP Equipment shall be fully delivered, assembled and in full satisfactory operation, for its intended purpose as determined in good faith by Buyer ("Final Delivery") within one year of February 27, 2015 (the "Due Date").   As an incentive for early completion, the Buyer shall pay the Seller a bonus of $4,200 per day prior to the Due Date that the Seller achieves Final Delivery, not to exceed $250,000.00***.   In addition, the Seller has been informed by Buyer that the CIP Equipment is vital to the commercial operations of the Buyer, and that any failure to achieve Final Delivery by the Due Date will result in economic harm to the Buyer.  As such, the Seller shall be liable to the Buyer in the amount of $4,200 ("Liquidated Damages") for each day after the Due Date that the Seller fails to achieve Final Delivery, not to exceed $250,000.00.***  The Seller acknowledges that the actual damages which the Buyer may incur for a failure of Seller to achieve Final Delivery by the Due Date are difficult to estimate, and that these Liquidated Damages are a reasonable approximation of the damages which the Buyer expects to incur.  (Emphasis added).

///

**COMPLAINT FOR INTERPLEADER**

14.     To date, United Rock, in full compliance with the terms of the Agreement, has paid Supreme $6,941,695, which represents 85% (10% down payment plus 75% upon delivery) of the price set forth in the Agreement.

15.     The remaining fifteen percent (15%) of the funds have been properly withheld by United Rock in light of the significant issues and deficiencies which arose in regards to the Dredge.

16.     Immediately upon assembly, the Dredge only operated on a limited basis and numerous defective items were identified by United Rock and corrective action required to attain full satisfactory operation.

17.     United Rock put Supreme on immediate notice of the defective items and issues with the Dredge as the same were encountered.

18.     Pursuant to the terms of the Agreement, Supreme was responsible for the expenses incurred of correcting and / or repairing these deficiencies.

19.     By May 2016, three months after the contractual Due Date, Supreme had still not achieved "Final Delivery" of the Dredge pursuant to the Agreement. As such, United Rock was not required to release final payment for the Dredge.

20.     The Dredge failed to operate satisfactorily or for its intended purpose and failed to achieve production rates represented or comply with the applicable warranties.

21.     As of the end of May 2016, the Dredge had finally begun operating near normal levels, but United Rock began experiencing issues relating to the cycle speed.

22.     In May 2016, with the Dredge nearing an operational state, United Rock provided Supreme with a punch list of outstanding items. The most notable of the punch list items was the need to purchase and install a second water pump at the approximate cost of $15,000, including installation. Supreme was responsible for covering this expense pursuant to the terms of the Agreement.

23.     As of the date of this action, Supreme has finally achieved Final Delivery pursuant to the terms of the Agreement. However, the amount owed to Supreme is not the full fifteen percent (15%). The amount owed has been reduced pursuant to the terms and

**COMPLAINT FOR INTERPLEADER**

conditions set forth in the Agreement.

24.     Based on the costs of the repair work and delay in Final Delivery, the remaining balance owed by United Rock under the Agreement is $604,817.34. This amount accounts for liquidated damages in the amount of $250,000 assessed against Supreme pursuant to the Agreement terms and further accounts for repair / correction costs in the amount of $370,187.66, properly deducted from the amount owed to Supreme under the Agreement.

25.     As of the date of this Complaint, Supreme has finally achieved Final Delivery under the Agreement, placing United Rock in the position to be able to release the remaining amount of $604,817.34 under the Agreement.

26.     However, United Rock cannot remit payment to Supreme in light of the fact there are conflicting claims to these funds based on Supreme's assignment of the right to payments due under the Agreement to Maxus.

27.     Upon information and belief, Supreme obtained financing from Maxus to assist Supreme in manufacturing the Dredge, requiring an assignment of payments under the Agreement from Supreme to Maxus.

28.     On or about March 13, 2015, United Rock consented to the assignment of the Agreement by Supreme to Maxus and the subsequent assignment thereof by Maxus to Ameriserv Financial Bank. A true and correct copy of United Rock's March 13, 2015, consent to assignment is attached hereto as **Exhibit B.** To date, United Rock has not received a demand for payment from Ameriserv Financial Bank and they are not named in this Interpleader action.

## **CLAIM FOR RELIEF**

### **(RULE INTERPLEADER: AGAINST DEFENDANTS MAXUS, SUPREME AND DOES 1 THROUGH 5, INCLUSIVE)**

29.     United Rock incorporates the allegations set forth in Paragraphs 1 through 28, above.

30.     Maxus has demanded and continues to demand that payment of the

**COMPLAINT FOR INTERPLEADER**

remaining funds owed under the Agreement be paid directly to Maxus.

31.     Supreme has demanded and continues to demand payment of some or all of the remaining funds owed under the Agreement be paid directly to Supreme.

32.     Maxus and Supreme have a dispute between them relating to who is entitled to the funds owed pursuant to the Agreement.

33.     Multiple claims have been made to the same funds and United Rock has control over the funds to be interpleaded.

34.     Supreme on the one hand and Maxus on the other both claim entitlement to the remaining funds (or some portion thereof) owed by United Rock pursuant to its Agreement entered into with Supreme.

35.     United Rock may be liable to one or more parties and seeks to interplead the funds to protect itself from multiple claims on the same liability (*i.e.* payment of the remaining funds owed under the Agreement).

36.     By reason of the conflicting claims of Defendants, Plaintiff is in great doubt as to which party is entitled to be paid the remaining funds owed under the Contract and accordingly request the Defendants be ordered to interplead and litigate their respective rights to the funds pursuant to Federal Rule of Civil Procedure 22.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff Sully-Miller Contracting Company, a Delaware corporation doing business as United Rock Products prays for judgment against Defendants, Maxus Capital Group, LLC, Supreme Manufacturing, Inc. and Does 1 through 5, inclusive, and each of them, as follows:

1.     That Defendants, and each of them, be ordered to interplead and to litigate their respective rights against all other Defendants to the sums of money which Plaintiff may deposit into Court to satisfy its obligations to Defendants, and each of them;

2.     That Plaintiff be awarded costs and reasonable attorneys' fees to be determined by the Court and to be paid out of the $604,817.34 which Plaintiff will deposit with the Clerk of this Court upon the Court's order;

**COMPLAINT FOR INTERPLEADER**

3.      That Plaintiff be discharged from all liability to any of the Defendants with respect to the funds referred to herein;

4.      For costs of suit herein incurred;

5.      For such other and further relief as the Court may deem proper.


DATED:  June 10, 2016                    Respectfully submitted,
                                         LANAK & HANNA, P.C.


                                         By:   s/Colin K. McCarthy
                                         COLIN K. MCCARTHY
                                         KELLY C. SLOAN

                                         Attorneys for Plaintiff
                                         SULLY MILLER CONTRACTING
                                         COMPANY doing business as UNITED ROCK
                                         PRODUCTS
                                         Email: ckmcarthy@lanak-hanna.com
                                         Email: kcsloan@lanak-hanna.com

{1533 22588}

COMPLAINT FOR INTERPLEADER